JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-2149 PA (FFMx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | Gertrude Cebrian v. Robert H. Ballard Rehabilitation Hospital, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on November 21, 2013 by defendant Vibra Healthcare, LLC, erroneously sued as Vibra Healthcare ("Removing Defendant"). The other named defendants have filed Notices of Joinder. Removing Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Gertrude Cebrian, individually and on behalf of all employees similarly situated, ("Plaintiff") based on the Court's diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke diversity jurisdiction pursuant to CAFA, Removing Defendant must prove, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs.,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-2149 PA (FFMx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | Gertrude Cebrian v. Robert H. Ballard Rehabilitation Hospital, et al. | | |

Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

  The Notice of Removal alleges that defendant Vibra Healthcare, LLC "is a limited liability company organized under the laws of Delaware with its principal place of business in Mechanicsburg, Pennsylvania."  (Notice of Removal ¶ 23.)  Removing Defendant has not alleged the citizenship of each of the members of Vibra Healthcare, LLC.  Instead, Removing Defendant has alleged the citizenship of the limited liability company defendant as if it were a corporation.  As a result, Removing Defendant's allegations concerning the citizenship of Vibra Healthcare, LLC are insufficient to invoke this Court's diversity jurisdiction.

  Based on the foregoing, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction pursuant to CAFA.  Accordingly, the Court remands this action to San Bernardino Superior Court, Case No. CIVDS1312344.  See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.